**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KATHY COBERLEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:07cv226 |
| | § | |
| | § | |
| NORTH CENTRAL TEXAS COLLEGE, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING SUBSTITUTION OF
PLAINTIFF**

Now before the Court are Plaintiff's Motion to Substitute Carl Stephen Coberley as

Representative of the Estate of Kathy Coberley (Dkt. 21), Plaintiff's Motion for Leave to Amend

(Dkt. 19), Defendant's Motion to Dismiss (Dkt. 12) and Motion for Summary Judgment (Dkt. 13).

Having reviewed the record in this case and applicable authorities, the Court rules as follows.

This suit was filed in May 2007.  According to the record in this case, Plaintiff Kathy

Coberley died in a car accident in October 2007.  Plaintiff now seeks to substitute Kathy Coberley's

estate as her personal representative.  Plaintiff has alleged that Plaintiff's surviving spouse, Carl

Stephen Coberley, is qualified to serve as personal representative of the Estate.  Apparently,

Defendant does not challenge whether Carl Stephen Coberley is a "proper party" for substitution

here.  Rather, Defendant has objected to this substitution, arguing that it is not timely.  The Court

disagrees.

Rule 25 requires that a motion for substitution be made "within 90 days after service of a statement noting the death." FED. R. CIV. P. 25.   Until Defendant filed its motion to dismiss and motion for summary judgment on February 22, 2008, no notice of death was filed with this Court by either party.   Plaintiff first raised the request for substitution in her response to motion for summary judgment filed on March 10, 2008 and by separate motion on April 22, 2008.   The fact that Plaintiff did not raise the issue of substitution until five months after Kathy Coberley's death is irrelevant under the rules governing substitution.   "The period for filing substitution upon the death of a party is not triggered until formal written statement of fact of death has been filed." 59 AM. JUR. 2D *Parties* § 353 (2008).   In this case, the Court finds that Plaintiff's request was made well-within the 90-day deadline and not made so long after the death such that substitution at this time would unfairly prejudice Defendant.

Therefore, the Motion for Substitution is GRANTED and Plaintiff's Motion for Leave to Amend is GRANTED.   Defendant shall file any response to the Amended Complaint filed on April 22, 2008 (Dkt. 20) in accordance with the Federal Rules of Civil Procedure.   In light of the substitution, Defendant's Motion to Dismiss (Dkt. 12) is DENIED.

Additionally, because no meaningful discovery could be conducted from October 2007 until the time of substitution, the Court also finds that Plaintiff should be given additional time to respond to Defendant's Motion for Summary Judgment (Dkt. 13).   Thus, Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment is extended until August 1, 2008 to allow Plaintiff sufficient opportunity to conduct any other discovery necessary to respond to the motion.   This deadline will not be extended

further absent a showing of good cause and order from this Court, and Plaintiff is expected to obtain

all necessary discovery, resolve any disputes as to that discovery, and gather all summary judgment

evidence prior to this deadline.

Further, in light of this extension, the current scheduling order in this case is vacated.  On or

before May 23, 2008, the parties are directed to confer in good faith and, after contacting the Court

regarding available pretrial dates, submit an agreed scheduling order reflecting this extension and

outlining any other outstanding dates.

**SO ORDERED.**


**SIGNED this 15th day of May, 2008.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE